UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDWARD SLININ and E AND M REALTY CORP.,

                Plaintiffs,

                                    **MEMORANDUM AND ORDER**
       - against -                              14-CV-3483 (RRM)(RER)(CLP)

FIDELITY NATIONAL INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiffs Edward Slinin and E and M Realty Corp. bring this complaint, filed on June 3, 2014, against defendant Fidelity National Insurance Company ("Fidelity"), alleging that Fidelity failed to pay plaintiffs' full property insurance proceeds due as a result of Hurricane Sandy-related damages.[1]  On July 10, 2014, Magistrate Judge Cheryl L. Pollak ordered the parties to file a status report by July 31, 2014, indicating whether plaintiffs had served the summons and complaint on Fidelity, and warning that, if no such report was received, Judge Pollak would recommend dismissing the case for failure to prosecute.  (Doc. No. 6.)  In addition to electronic service, the docket reflects that Judge Pollak mailed a copy of the Status Report Order to Scott G. Hunziker, Esq., of the Voss Law Center – one of plaintiffs' two named attorneys – at the address listed for Mr. Hunziker on the docket.  Plaintiffs did not comply with the Status Report Order, did not file an affidavit of service evidencing the completion of service of process, and did not contact the Court.

---

[1] This case was designated a Hurricane Sandy Case in accordance with Eastern District Administrative Order Number 14-03, and was made a member case of 14-MC-41.  The caption for Magistrate Judge Pollak's Report and Recommendation dated October 1, 2014, addressed in the text *infra*, incorrectly lists Slinin as the sole plaintiff and E & M Realty Corp. as one of the defendants, and inaccurately refers to a singular "plaintiff."  (Doc. No. 14.)  This error does not affect the validity of Judge Pollak's reasoning or recommendation.

Two months later, on October 1, 2014, Judge Pollak issued a Report and Recommendation ("R&R") recommending that, in light of plaintiffs' failure to abide by her Status Report Order and complete lack of contact with the Court, the case be dismissed for failure to prosecute unless plaintiffs advised the Court that they had effected service of process by October 14, 2014. (Doc. No. 14.) Judge Pollak reminded plaintiffs that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Rule") 72(b), any objections were due within fourteen days of service of the R&R, which was effected electronically on October 1, 2014. Plaintiffs neither filed an objection nor communicated with the Court in any fashion within the set time period. In light of plaintiffs' failure, on November 14, 2014, Judge Pollak issued another R&R recommending that this case be dismissed for failure to prosecute. (Doc. No. 18.)

On April 1, 2015, Judge Pollak ordered plaintiffs' counsel, David Harbatkin, Esq., who had subcontracted the work from Voss Law Firm, to appear and explain the lack of progress in this action and other Sandy-related matters handled by the Harbatkin firm, noting the fact that Mr. Harbatkin had not even contacted many of the individuals he claimed to represent before filing claims on their behalf. Ultimately, Judge Pollak relieved Mr. Harbatkin of the representation, and ordered plaintiffs to obtain new counsel or indicate an intent to proceed *pro se* by May 28, 2015. Plaintiffs did neither.

Judge Pollak subsequently scheduled a status conference with the parties on September 30, 2015. The evening before the conference James Costo, Esq. filed a notice of appearance on behalf of plaintiffs. Mr. Costo explained that he had only recently been contacted by the Voss Law Firm to take over plaintiffs' representation, and had not yet made contact with his new clients. Judge Pollak extended previously ordered disclosure deadlines, ordering the parties to

exchange all mandatory disclosures by November 9, 2015 and to file a status report by November 16, 2015. Fidelity filed a letter with the Court on November 16, 2015 indicating that it had produced its required disclosures, but had received nothing from plaintiffs.

On November 23, 2015, Judge Pollak issued another order requiring plaintiffs to contact the Court by November 30, 2015 indicating their intent to proceed with this action, warning that failure to comply would result in a recommendation that this matter be dismissed with prejudice for failure to prosecute. (Doc. No. 83.) Plaintiffs again failed to comply; they did not contact the court, nor has defendant indicated that plaintiffs have made the required disclosures.

On December 18, 2015, Judge Pollak issued another R&R recommending that this matter be dismissed for failure to prosecute. (Doc. No. 84.) Judge Pollak noted that the plaintiffs have failed to comply with numerous deadlines set by the court, and have cause unnecessary delay in the resolution of this matter. She reminded plaintiffs that any objections to the R&R should be filed with the Clerk of the Court within fourteen days of receipt of the R&R. It is now months later and plaintiffs have provided no objection or response, nor have they contacted the court in any way.

Pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court has reviewed for clear error the R&R's issued on December 18, 2015, November 14, 2014 and October 1, 2014, and, finding none, concurs in the recommendations made therein. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, the Court hereby ORDERS that the complaint is dismissed for failure to prosecute the action.

The Clerk of Court is directed to enter this Memorandum and Order and the accompanying Judgment and to close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
March 1, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge